United States District Court
Southern District of Texas
**ENTERED**
August 28, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Diandra M. Pittman and Nick Cooper, §§§§§§§§§§ *Plaintiffs*, | |
| v. | Civil Action H:22-1049 |
| Lithia Motors, Inc., and Southwest Infiniti, *Defendants*. | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court is Defendants' Motion for Reconsideration, ECF No. 73. Defendants seek reconsideration of their joint motion for summary judgment, ECF No. 32, and Lithia Motors' separate motion for summary judgment, ECF No. 34. The court recommends that the motion for reconsideration be **GRANTED**, that Defendants' joint motion for summary judgment be **GRANTED**, and that Lithia's motion for summary judgment be **DENIED as MOOT**.

### 1. Background

On September 4, 2021, while "displaced from [H]urricane Ida," Plaintiffs Diandra Pittman and Nick Cooper brought their vehicle[1] to Defendant Southwest Infiniti's facility in Houston, Texas for repairs to the air conditioning system. ECF No. 18-3 at 1 (Pittman's "Affidavit of Fact" attached to Plaintiffs' Amended Complaint). On September 10, 2021, Pittman picked up her vehicle after repairs were completed. *Id.* The next day, Pittman "noticed

---

[1] Plaintiffs explain that "Cooper was the legal purchaser of the vehicle. However, [Pittman] was the primary driver of the vehicle from the day it was purchased." ECF No. 18-2 at 7 (Plaintiffs' "Statement of Claim and Relief Attachment to Amended Claim").

that the passenger side backseat was damp" despite there being "no rain in the area for [the] entire stay in Texas." *Id.* Pittman later noticed that "the passenger side floor . . . was soaked" and "hear[d] water squish under [her] feet" while exiting the driver's seat. *Id.*

Pittman eventually took her vehicle to the Infiniti of Mississippi dealership for repairs where she learned that the car was a "total loss." ECF No. 18-3 at 3. The Infiniti of Mississippi service manager, Ray Brandt, "told [Pittman] that the sunroof drain was clogged and cleared but the air conditioner drain was left to drain inside of the car instead of outside." *Id.*

In support of the foregoing factual allegation, Plaintiffs' summary judgment response includes a "Repair Order Detail," purportedly from Infiniti of Mississippi. ECF No. 35 at 7. The document is the only supporting evidence for Plaintiffs' claims, and it states that an unidentified person "found roughly [four] inches of standing water [and] found [that the] ac evaporator hose had fallen off the hose nipple and ac condensation was unable to drain outside of vehicle." *Id.* The document does not show that a faulty repair was the cause of the water in the vehicle, nor does it eliminate alternative causes. *See id.*

Liberally construing their pro se complaint, *see Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), Plaintiffs sued Defendants for breach of contract, negligence, gross negligence, and violations of the Texas Deceptive Trade Practices Act (DTPA). ECF Nos. 18, 18-2–18-3. Plaintiffs seek damages for, among other things, the value of their vehicle, loss of income, rental vehicle expenses, and "mental anguish from fraud." ECF No. 18 at 5; ECF No. 18-2 at 2–3.

Defendants previously sought summary judgment on all of Plaintiffs' claims arguing, among other things, that Plaintiffs have

no evidence to support their claims. ECF Nos. 32, 34. The court denied those motions without prejudice to allow the parties to engage in further discovery. ECF No. 58. The discovery period has now closed and, according to Defendants' motion for reconsideration, "no additional information or documents have been obtained which would support Plaintiffs' claims[.]" ECF No. 73 at 2; *see also* ECF No. 80 (Defendants' statement regarding late filing of motion for reconsideration). Plaintiffs did not meaningfully oppose Defendants' request for reconsideration of their motions for summary judgment. ECF No. 81. The court now reconsiders Defendants' motions for summary judgment and recommends that summary judgment be granted.

## 2. *Legal Standard*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-movant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Initially, "[t]he movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). "Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of

demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.'" *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Transamerica Ins. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995) (per curiam)). The non-movant must "go beyond the pleadings," using competent summary judgment evidence to cite "specific facts" showing a genuine issue for trial. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

The court reviews all evidence and reasonable inferences in the light most favorable to the non-moving party. See *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The court, however, does not have a duty "to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) ("Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports [the] claim.").

"[C]onclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence'" are not enough to defeat a properly supported motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "[T]here must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### *3. Analysis*

#### *A. Negligence and Gross Negligence*

Plaintiffs' complaint and its attachments occasionally refer to Defendants' "gross negligence."[2] ECF No. 18 at 5; ECF No. 18-2 at 7. To the extent that Plaintiffs attempt to bring claims for negligence and gross negligence, these claims are barred by the economic loss rule. Additionally, even if the economic loss rule did not bar recovery, Plaintiffs have not demonstrated that Defendants were negligent in repairing the vehicle. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' negligence and gross negligence claims.

The economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). The rule focuses on whether the injury "is to the subject of the contract itself" and "restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence." *Id.*

Here, Plaintiffs filed a "Complaint for a Civil Case Alleging Breach of Contract." ECF No. 18 at 1. Plaintiffs allege that, "Under [the] agreement or contract . . . [t]he defendant was required to successfully complete an AC repair. . . . The defendant failed to comply because [the] mechanics were grossly negligent in leaving the AC hose/drain to drain into the vehicle instead of outside[.]" *Id.* at 5. Plaintiffs' alleged damages therefore arise from Defendants'

---

[2] Plaintiffs also claim that Defendant Lithia Motors, Inc. was negligent in failing to respond to letters sent by the Plaintiffs to the Defendant. ECF No. 18-2 at 7. The court is not aware of any basis in law or fact that supports this claim.

5

failure to perform under a contract and the damage to Plaintiffs' vehicle is an injury to the subject of the contract itself. Defendants are entitled to summary judgment on Plaintiffs' negligence and gross negligence claims.

### B. DTPA

The DTPA protects consumers from "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce[.]" Tex. Bus. & Com. Code § 17.46(a). The DTPA permits consumers to sue for breach of warranty, violations of the Texas Insurance Code, or any "unconscionable action" that is a "producing cause of economic damages or damages for mental anguish." *Id.* § 17.50(a). "'Economic damages' means compensatory damages for pecuniary loss, including costs of repair and replacement." *Id.* § 17.45(11). Mental anguish damages are available only if the trier of fact finds that the defendant's conduct was committed knowingly or intentionally. *Id.* § 17.50(b)(1); *City of Tyler v. Likes*, 962 S.W.2d 489, 498 n.1 (Tex. 1997) ("[T]he DTPA expressly provides that mental anguish damages are recoverable only if the defendant acted knowingly or intentionally."). Plaintiffs' complaint lists several of the statute's prohibited acts, including "causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services" or "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have." ECF No. 18-2 at 3–4 (citing §§ 1746(b)(2), (5) in support of Plaintiffs' DTPA claim).

Plaintiffs allege that: (1) Plaintiff's signature on a disclaimer of warranties is a forgery; (2) "Miscellaneous charges on [the] invoice are confusing as [Plaintiffs] are unfamiliar with the codes and what they stand for. Therefore, [Plaintiffs were] not aware of the source of the miscellaneous services and charges[;]" and (3) the

6

invoice is "deceptive and creates confusion about what portion or parts of the services were warranty and what portion or parts were goodwill." ECF No. 18-2 at 3–5.

Even assuming that Defendants' use of codes and abbreviations in invoices could be a false, misleading, or deceptive act or practice, Plaintiffs have not presented evidence that their confusion regarding the source of charges or warranty coverage resulted in compensable economic damages. Similarly, Plaintiffs have not pointed to evidence showing that the purported forgery caused them any economic damages. The only economic damages alleged in this case are those associated with the damage to the vehicle and the loss of use of the vehicle. Plaintiffs have presented no causal connection between Defendants' alleged misleading acts and the damages Plaintiffs allege.

Mental anguish damages are available only upon a showing that the defendant's damages-causing conduct was committed knowingly or intentionally. As discussed further below, there is no evidence that Defendants were responsible for the damages to Plaintiffs' vehicle, much less that Defendants knowingly or intentionally caused such damages. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' DTPA claim.

### C. Breach of Contract

To prevail on a breach of contract claim, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). "A breach occurs when a party fails to perform a duty required by the contract." *Id.* (quoting *Hoover v.*

*Gregory*, 835 S.W.2d 668, 677 (Tex. App.—Dallas 1992, writ denied)).

Here, among other things, Defendants argue that Plaintiffs have no evidence that Defendants breached any contract. ECF No. 32 at 10. In response, Plaintiffs point to the "Repair Order Detail," purportedly created by an Infiniti of Mississippi employee who Plaintiffs have not identified. ECF No. 35 at 2, 7. This document states that the unidentified individual observed roughly four inches of standing water inside the vehicle and "found [that the] ac evaporator hose had fallen off the hose nipple and ac condensation was unable to drain outside the vehicle." *Id.* at 7.

Setting aside hearsay and authentication issues—as well as Plaintiffs' failure to disclose any Infiniti of Mississippi employee as an expert witness, *see* ECF Nos. 13, 24 (Plaintiffs' disclosures)—this document does not show that Defendants failed to properly complete the AC repair under a contract or that Defendants' conduct caused Plaintiffs' damages. The document does not state the Defendants' scope of AC repair work or state whether that work could have affected the AC evaporator hose. The document does not state when the problem began or how long the water had been in the vehicle. The document does not state how or why there were four inches of standing water in the vehicle. The document does not state that the disconnected AC evaporator hose and AC condensation could produce the four inches of water found inside Plaintiffs' vehicle. The document does not show that a faulty repair was the cause of the standing water or provide any analysis to eliminate alternative causes of the standing water. Accordingly, no jury could reasonably find for Plaintiffs, and Defendants are entitled to summary judgment on Plaintiffs' breach of contract claim.

Having determined, based on their joint motion, that Defendants are entitled to summary judgment on all of Plaintiffs' possible claims, the court need not reach Lithia Motors' separate motion for summary judgment, ECF No. 34, wherein it argues that it is not a proper party to this lawsuit.

### *4. Conclusion*

The court recommends that Defendants' motion for reconsideration, ECF No. 73, be **GRANTED**, that Defendants' joint motion for summary judgment, ECF No. 32, be **GRANTED**, and that Lithia's motion for summary judgment, ECF No. 34, be **DENIED as MOOT**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on August 28, 2024.

Peter Bray
United States Magistrate Judge